UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:16-cr-291-T-02TGW

GREGORY PHELPS

_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Defendant Gregory Phelps' motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. §3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 222) and the United States' response in opposition (Dkt. 226). After reviewing the motion and submissions, the Court denies the motion without prejudice.

**Background**

Mr. Phelps is 65 years old and incarcerated at Federal Correctional Institution – Elkton in Lisbon, Ohio. Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 100 grams of heroin in Tampa, Florida. Dkt. 100 (plea agreement). The drugs were distributed from Defendant's house, with an elementary school located immediately behind it. Dkt. S-144, ¶ 25 (PSR); Dkt. 226 at 17. Based on his criminal history category of III and

enhancement, he faced a ten-year minimum mandatory prison sentence. Dkt. S-144 at 23. The sentencing judge imposed a prison term of 120 months with credit for time served. Dkt. 192 (judgment). His projected release is early 2025. Dkt. 226 at 3; Dkt. 226-1.

Defendant alleges he is asthmatic and suffers from hepatitis C which make him "more susceptible to adverse outcomes in light of the COVID-19 pandemic." Dkt. 222 at 2. He does not provide documentation showing his medical condition is either severe or substantially diminishes his ability to provide self-care in prison. *See United States v. Muhammad*, No. 8:15-cr-309-T-27AEP, 2020 WL 4548089, at *2 (M.D. Fla. Aug. 6, 2020) (denying compassionate release based on pandemic and assertion of chronic asthma without supporting documentation showing inability to provide self-care); *United States v. Dozier*, No. 8:06-cr-108-T-27TGW, 2020 WL 4750478, at *1 (M.D. Fla. Aug. 17, 2020) (denying compassionate release based on pandemic, and allegation of asthma and immunodeficiency).[1] Chronic asthma requiring use of an inhaler, without more, has been found insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *United States v. Alexander*, No. 6:18-cr-124-Orl-37GJK, 2020 WL 4345326 (M.D. Fla July 29,

---

[1] He does not allege any other conditions in his motion.

2020) (finding asthma not extraordinary and compelling reason because it was not "more severe" or not inadequately treated). Hepatitis C will be addressed below.

## **Applicable Considerations**

Defendant states his request for compassionate release to the warden was denied in April. Dkt. 222 at 1; Dkt. 226-2. The warden responded within 30 days and there is no indication he exhausted his administrative remedies thereafter. *See* 18 U.S.C. § 3582(c)(1)(A).[2] Because the exhaustion requirement is mandatory and not waivable, the Court is without authority to grant relief. *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)), *appeal docketed*, No. 20-12162 (11th Cir. June 15, 2020); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*), *appeal docketed*, No. 20-11692 (11th Cir. May 4, 2020); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020)

---

[2] Some courts have held that the mere passage of 30 days, regardless of whether the warden has responded within that period, permits the defendant to file a motion. *See Dozier*, 2020 WL 4750478, at *1; *United States v. Rey-Durier*, No. 8:15-cr-97-T-27TGW, 2020 WL 4349941, at *1 (M.D. Fla. July 29, 2020). This would seem to undermine the exhaustion of remedies provided for in the same subsection. Others have held if the warden has timely responded within 30 days, then exhaustion is required. *See Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *United States v. Alejo,* No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)), *appeal docketed*, No. 20-12162 (11th Cir. June 15, 2020); *United States v. Eyerman*, No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020); *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) (noting that "[i]t seems odd that Congress would allow a defendant to short-circuit the [BOP]'s administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request" and "lapse" in context means warden's failure to act for 30 days).

(holding court had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at *8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).[3]

Even if Mr. Phelps had exhausted his administrative remedies or the Court had the authority to waive exhaustion, he fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community. He alleges he "is asthmatic and suffers from Hepatitis C." Dkt. 222 at 2. The records from Elkton describe Defendant as "Medical Care Level II" and state that he "does not have a terminal or incurable disease with a life expectancy 18 months or less" and he is not "unable to carry on self-care." Dkt. 226-3. None of the records in this case support Defendant's claim of asthma. In any event, as noted above, treatable asthma is not an extraordinary and compelling reason for release. *Alexander*; *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *7 (M.D. Fla. May 15, 2020) (finding asthma coupled with possibility of contracting virus, COVID 19, does not constitute

---

[3] The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic. District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at *2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

4

extraordinary and compelling reason). At the time of his arrest on this offense, he had never received treatment for hepatitis C. Although hepatitis C might pose an increased risk of serious illness from COVID-19, if it is controlled, it does not support release. *United States v. Pearson*, No. 5:16-cr-33-Oc-28PRL, 2020 WL 5095238, at *3 (M.D. Fla. Aug. 28, 2020) (holding hepatitis C, under control, and benign mass under rib cage do not support compassionate release).

Additionally, the § 3553(a) factors weigh against his release. His criminal history reveals numerous drug offenses continuing for most of his life, which involved marijuana, cocaine, and other controlled substances. It appears he suffered from drug use and addition beginning at a young age. His 120-month prison sentence reflects the seriousness of the crime of drug trafficking and serves to protect the public from trafficking, particularly in view of the proximity of this crime to an elementary school. *Id*. This fact further weighs against a finding that he, even though 65 years old, is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).[4]

---

[4] To the extent Defendant requests he be placed on home confinement, this Court is without jurisdiction to grant this request. *See Smith*, 2020 WL 2512883, at *3.

Accordingly, Defendant's motion (Dkt. 222) is denied without prejudice because Defendant has not exhausted all administrative remedies. Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2020.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**